**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**HAROLD F. DEDRICK, SR.** and **MARION DEDRICK,**

                      Plaintiffs,          1:09-CV-590
                                                           (GLS/RFT)

         v.

**SHERIFF OF COLUMBIA COUNTY,** et al.,

                      Defendants.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Office of Steven M. Melley<br>24 Closs Drive<br>Rhineback, NY 12572 | STEVEN M. MELLEY, ESQ. |
| Scarzafava, Basdekis Law Firm<br>48 Dietz Street<br>Suite C<br>Oneonta, NY 13820 | JOHN SCARZAFAVA, ESQ.<br>THEODOROS BASDEKIS, ESQ. |
| **FOR THE DEFENDANTS:**<br>*Columbia County*<br>Bailey, Kelleher Law Firm<br>Pine West Plaza 5<br>Suite 507<br>Washington Avenue Extension<br>Albany, NY  12205 | WILLIAM T. LITTLE, ESQ. |
| *Town of Clermont*<br>Murphy, Burns Law Firm<br>226 Great Oaks Boulevard<br>Albany, NY 12203 | THOMAS K. MURPHY, ESQ. |

**Gary L. Sharpe**

**District Court Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiffs Marion Dedrick and Harold F. Dedrick, Sr. filed this action alleging false arrest, excessive force, and negligence by the defendants. Pending are defendants' motions to dismiss. For the reasons that follow, the motions are granted in part and denied in part.

### II. Facts[1]

On January 8, 2008, Deputy Officer Brian Molinski arrested Harold Dedrick, Sr. at the Dedrick's home pursuant to a bench warrant issued by Town Judge Ronald Banks. He was later released when it became apparent that the wrong person had been detained.

### III. Standard of Review

The standard of review under FED. R. CIV. P. 12(b)(6) is well established and will not be repeated here. For a full discussion of the standard, the court refers the parties to its decision in *Dixon v. Albany County Bd. of Elections*, No. 1:08-CV-502, 2008 WL 4238708, at *2

---

[1] On March 27, 2008, pursuant to New York General Municipal Law § 50, a verified Notice of Claim for damages for personal injuries was served on the defendants.

(N.D.N.Y. Sept. 8, 2008).

## IV. Discussion

This action was removed to this court on May 20, 2009. The complaint, which contains seventeen causes of action, is hardly a model of clarity. Nonetheless, to the extent that the court can decipher plaintiffs' imprecise pleadings, the court will resolve the issues before it.

Preliminarily, the first and second causes of action survive the motions because they are not being challenged. Further, because plaintiffs have consented to the dismissal of causes of action four and six, those causes of action are dismissed. The court now turns to the remaining issues.

### A. Town of Clermont and Judge Banks

Plaintiffs contend that Judge Banks wrongfully and negligently issued a bench warrant in violation of the United States Constitution and New York State law. In addition, plaintiffs contend that the Town of Clermont is vicariously labile for Judge Banks's action. It is "well established that officials acting in a judicial capacity are entitled to absolute immunity ... and this immunity acts as a complete shield for money damages." *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999). "[A]bsolute immunity of a judge

applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994) (citation and internal quotation marks omitted). Furthermore, "judicial immunity extends to all judges and encompasses all judicial acts, even if the acts are alleged to have been done maliciously." *See Covillion v. Town of New Windsor*, 123 A.D.2d 763, 763-64 (2d Dep't 1986 )(citation omitted).

Here, Judge Banks's actions constitute a judicial act. Accordingly, to the extent the complaint may be read to raise constitutional or state law claims against Judge Banks in his personal capacity, he is entitled to absolute judicial immunity, and the complaint is dismissed in its entirety with prejudice as to any claims asserted against Judge Banks. Furthermore, to the extent that the complaint alleges that the Town of Clermont is vicariously liable for the actions of Judge Banks, those claims are also dismissed for failure to state a claim. Accordingly, causes of action twelve, thirteen, and fourteen are dismissed.

**B.     Columbia County Defendants**

**1.     Cause of Action Seventeen**

Columbia County defendants argue that Marion Dedrick's loss of

consortium claim, cause of action seventeen, should be dismissed for failure to comply with GEN. MUN. LAW § 50-H. The plaintiffs specifically dispute this allegation and indicate that defendants have offered evidence outside the complaint to prove Ms. Dedrick's non-compliance. As the plaintiffs correctly point out, the court's review on a motion to dismiss is generally limited to the facts and allegations that are contained in the complaint. Accordingly, at this juncture, Ms. Derick's loss of consortium claim cannot be dismissed.

### 2. Remaining Causes of Action

Despite plaintiff's imprecise pleadings, the court permits their remaining causes of action to survive. While defendants attack these causes of action as failing to state a claim under 42 U.S.C. §1983, those attacks do not address plaintiffs' contention that the claims are brought under New York law. Accordingly, the remaining causes of action survive at this juncture.

### V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the Columbia County defendants' motion to dismiss causes of action four and six (Dkt. No. 7) is **GRANTED**; and it is

further

**ORDERED** that the Columbia County defendants' motion to dismiss (Dkt. No. 7) is **DENIED** in all other respects; and it is further

**ORDERED** that the Town of Clermont and Judge Banks's motion to dismiss (Dkt. No. 9) is **GRANTED** in its entirety and these defendants are dismissed; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 9, 2010
Albany, New York

_____
United States District Court Judge