CIVIL CASE MANAGEMENT PLAN

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

**Harold F. Dedrick and**
**Marion Dedrick**

No. **1:09-cv-0590 (GLS/RFT)**

VS

**Sheriff of Columbia County,**
**Sheriff David W. Harrison Jr., et al.**

**IT IS HEREBY ORDERED** that, Pursuant to Rule 16(b), Federal Rules of Civil Procedure, a status and scheduling conference will be held in this case before the Honorable RANDOLPH F. TREECE, United States Magistrate Judge on May 21, 2010 at 9:30 a.m. at the United States Courthouse, at Room Number 406, Albany, New York.

Counsel for all parties or individuals appearing pro se in the above-captioned action are directed to confer in accordance with Fed. R. Civ. P. 26(f) with respect to all of the agenda items listed below. That meeting must be attended in person or, if counsel for the parties are not located in the same city and do not agree to meet in person, then by telephone, and must be held at least twenty-one (21) days before the scheduled Rule 16 Conference. Following that Rule 26(f) meeting, a report of the results of that meeting, in the format set forth below, must be filed with the clerk within fourteen (14) days after the date of the Rule 26(f) meeting or not later than ten (10) days prior to the scheduled Rule 16 conference with the Court, whichever date is earlier. Matters which the Court will discuss at the status conference will include the following: (insert a separate subparagraph as necessary if the parties disagree):

**1) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before the 21st day of June, 2010.

**2) AMENDMENT OF PLEADINGS:** Any application to amend the pleadings to this action shall be made on or before the 21st day of June, 2010.

**3) DISCOVERY:** All discovery in this action shall be completed on or before the 18th day of February, 2011. **(Discovery time table is to be based on the complexity of the action)**

**4) MOTIONS:** All motions, including discovery motions, shall be made on or before the 18th day of April, 2011. **(Non-Dispositive motions including discovery motions may only be brought after the parties have complied with Section IX of General Order #25)**

Form Date 06/13/2007

**5) PROPOSED DATE FOR THE COMMENCEMENT OF TRIAL: The action will be** ready to proceed to trial on or before the 18th day of August, 2011. It is anticipated that the trial will take approximately 5-6 days to complete. The parties request that the trial be held in Albany, N.Y. **(The proposed date for the commencement of trial must be within 18 months of the filing date).**

**6) HAVE THE PARTIES FILED A JURY DEMAND:   X   (YES) / (NO).**

**7) DOES THE COURT HAVE SUBJECT MATTER JURISDICTION? ARE THE PARTIES SUBJECT TO THE COURT'S JURISDICTION? HAVE ALL PARTIES BEEN SERVED?**

The Court has subject matter jurisdiction. The parties are subject to the Court's jurisdiction. All parties have been served.

**8) WHAT ARE THE FACTUAL AND LEGAL BASES FOR PLAINTIFF'S CLAIMS AND DEFENDANT'S DEFENSES (INCLUDE COUNTERCLAIMS & CROSSCLAIMS, IF APPLICABLE)?**

Plaintiffs, Harold F. Dedrick, Sr. and Marion Dedrick, bring this action for damages arising out of the intentional use of brutal, excessive, unlawful and extreme physical force, other negligent and unconstitutional policies and actions, and common law claims arising out of the wrongful, unlawful, reckless and/or negligent issuance and execution of a certain Warrant of Arrest by defendants. The defendants deny that the arrest was improper or that excessive force was used. The defendants will also assert affirmative defenses of qualified immunity and comparative negligence and take the position that the plaintiff is not entitled to punitive damages.

**9) WHAT FACTUAL AND LEGAL ISSUES ARE GENUINELY IN DISPUTE?**

Liability and the nature and extent of the plaintiffs' injuries and damages.

**10) CAN THE ISSUES IN LITIGATION BE NARROWED BY AGREEMENT OR BY MOTIONS? ARE THERE DISPOSITIVE OR PARTIALLY DISPOSITIVE ISSUES APPROPRIATE FOR DECISION ON MOTION?**

Not at this time.

**11) WHAT SPECIFIC RELIEF DO THE PARTIES SEEK? WHAT ARE THE DAMAGES SOUGHT?**

The plaintiffs seeks money damages for lost wages, medical expenses, pain and suffering, and loss of consortium. The defendants seeks dismissal of the plaintiffs' claims.

## 12) DISCOVERY PLAN:

A. <u>Mandatory Disclosures</u>

The parties will make this disclosure by June 4, 2010.

B. <u>Subjects of Disclosure</u>

The parties jointly agree that discovery will be needed to address the following subjects:

1. The plaintiffs injuries and damages;
2. The defendants' liability.

C. <u>Discovery Sequence</u>

Describe the parties' understanding regarding the timing of the discovery, and state whether it is anticipated that discovery will be phased to address different issues in stages.

Paper discovery will take place first followed by the depositions of the plaintiffs and defendants. It is not anticipated that discovery will be phased to address different issues in stages.

D. <u>Written Discovery</u>

Describe the written discovery demands which the parties contemplate serving under Rules 33, 34 and 36, including when they will be promulgated, the areas to be covered, and whether there is any need for any party to exceed the number of interrogatories permitted under Rule 33.

The parties will serve Requests for Production and Interrogatories upon each other. There is no need for either party to exceed the number of interrogatories permitted under Rule 33.

E. <u>Depositions</u>

Set forth the parties' expectations regarding depositions, including the approximate number to be taken, their location, a general description of the deponents, and an indication of whether any non-party fact depositions are anticipated.

The plaintiffs will likely depose the defendants and all witnesses. The defendants will depose the plaintiffs. Said depositions are likely to occur at the office of plaintiffs' and/or defendants' counsel.

F. <u>Experts</u>

Set forth the parties' expectations regarding the retention of experts, and identify any particular issues to be addressed by the court concerning the retention and exchange of the information regarding experts, including whether the parties seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court (i.e., initial expert disclosure at least ninety days, responsive expert disclosures at least forty-five days, and rebuttal reports due at least thirty days, before the close of discovery).

The plaintiff may retain a police procedures and policies expert, an economist, and a medical expert(s). The defendants may retain medical and/or police policy expert(s). The parties do not seek a variance from the expert disclosure requirements of the form uniform pretrial scheduling order typically issued by the court.

G. <u>Electronic Discovery</u>

Set forth the parties' understanding and expectations regarding discovery of electronically stored information. This description should include any agreements reached with respect to the retention of electronically stored information and the manner in which it will be produced, if requested. The parties should also identify any agreements regarding the manner in which electronically stored information subject to claims of privilege or work product protection will be handled, and whether a court order will be requested, either on stipulation or otherwise, to address this issue. If an agreement has been reached on the entry of such an order, provide a brief description of the provisions which will be included in a proposed order.

It is not anticipated that there will be any discovery of electronically stored information.

H. Protective Orders

If the parties anticipate requesting a protective order from the court pursuant to Rule 26(c), describe the basis for the request and nature of the proposed protective order.

None.

I. Anticipated Issues Requiring Court Intervention

Provide a brief description of any discovery related issues which, the parties reasonably anticipate, may require court intervention.

None.

**13) IS IT POSSIBLE TO REDUCE THE LENGTH OF TRIAL BY STIPULATIONS, USE OF SUMMARIES OR STATEMENTS, OR OTHER EXPEDITED MEANS OF PRESENTING EVIDENCE? IS IT FEASIBLE AND DESIRABLE TO BIFURCATE ISSUES FOR TRIAL?**

Not at this time.

**14) ARE THERE RELATED CASES PENDING BEFORE THE JUDGES OF THIS COURT?**

None.

**15) IN CLASS ACTIONS, WHEN AND HOW WILL THE CLASS BE CERTIFIED?**

Not applicable.

**16) WHAT ARE THE PROSPECTS FOR SETTLEMENT? Please circle below the prospect for settlement:**

1 2 3 4 5 6 7 8 9 10
(VERY UNLIKELY)⇒⇒⇒⇒⇒⇒⇒(LIKELY)

**CANNOT BE EVALUATED PRIOR TO:** Completion of depositions

**HOW CAN SETTLEMENT EFFORTS BE ASSISTED?** Final pre-trial conference

*(Do not indicate any monetary amounts at this time, settlement will be explored by the Magistrate Judge at the time of the initial status conference)*

**COMPLETE QUESTION 17 ONLY IF YOUR FILING ORDER COVER SHEET WAS CHECKED AS AN ADR TRACK CASE. THE PROGRAMS LISTED BELOW ARE COURT-ANNEXED AND NON-BINDING.**

**17) IF YOUR CASE WAS SELECTED AS A QUALIFYING CONTRACT, TORT, OR NON-PRISONER CIVIL RIGHTS ACTION, PLEASE SELECT THE PREFERRED ADR METHOD.**

_____ARBITRATION

\_\_X\_\_\_MEDIATION

_____ EARLY NEUTRAL EVALUATION

Pursuant to Fed. R. Civ. P. 26(f) a meeting was held May 4, 2010 and was attended by:

_____ Theodoros Basdekis, Esq., for plaintiffs

_____ Luke C. Davignon
~~Michael I. Murphy~~, Esq. for defendants

At the Rule 16(b) conference, the Court will issue an order directing the future proceedings in this action. The parties are advised that failure to comply with this order may result in the imposition of sanctions pursuant to Federal Rules of Civil Procedure 16(f).

*Please detach this case management plan form and return the completed form to the clerk for filing at least ten (10) days in advance of the conference date.*